SALT LAKE FOUNDRY AND MACHINE COM-
PANY, RESPONDENTS, v. MAMMOTH MINING
COMPANY, APPELLANT.

| 6 | 351 |
| 16 | 305 |

CORPORATIONS.— CONTRACTS.— DIRECTOR.— AGENT.— A corporation
was carrying on a mining business and receiving the proceeds of
the mine. The respondent furnished to the mine certain ma-
chinery at the request of its general manager and its secretary,
who was a director. The whole proceeding in working and im-
proving the mines was carried on to all appearances in the name
and by the authority of the appellant. But the appellant claimed
that it was not liable, because it had a contract with its secre-
tary to furnish the materials sued for; *held* that in the absence
of notice as to this agreement that a finding that the materials
were furnished at appellant's request would not be disturbed.

EQUITY.—EVIDENCE.—ERROR.—If there is evidence in the record to
justify the decree, the judgment will be affirmed, and errors as-
signed as to the admission of testimony will not be available.

APPEAL from a judgment of the district court of the first
district, and from an order refusing a new trial. The court
below found that the materials furnished were furnished
at the defendant's request, that a lien therefor was prop-
erly filed and still remained a valid lien.

*Messrs. Bennett and Bradley* and *Mr. Jabez G. Suther-
land,* for the appellant.

*Mr. Arthur Brown* and *Mr. Edward B. Critchlow,* for
the respondent.

BLACKBURN, J.

This action was originally brought by George W. Taylor
*et al.,* as plaintiffs, to foreclose a statutory lien against the
defendant company. The respondent was a defendant, as
a holder of another lien. The case of the original plain-
tiffs having been disposed of, the respondent is, in effect,
plaintiff. It filed a cross-complaint for its lien, the appel--

lant put in an answer, and the cause was heard by the
court below without a jury, and judgment rendered for the
respondent, from which judgment this appeal is taken.
The cross-complaint alleges that the respondent, a corpor-
ation, delivered to the appellant, a corporation, castings
and did work and labor in constructing refineries, furnaces,
etc., at the request of the appellant, on its mining and
milling property. That the materials were furnished, and
the work and labor done, on the property of the appellant,
and the amount and value thereof is not denied, but it is
denied that this was done at the request of the appellant.
The evidence tends to prove that the materials and work
were furnished at the request of one Bowers, who was a
director and secretary of the appellant company, and one
Johnstone, represented to be the general manager of the
company; that the mining operations and the work, when
this work was done, and their materials were furnished,
were carried in the name of the appellant company, the
pay-rolls of the men, and the regulations for the conduct
of the work were in its name, and the proceeds of the mine
were transferred to its credit, and the material furnished
and labor done by the respondent were charged to it, and
the whole proceedings in working the mine and making
improvements were carried on, to all appearances, in the
name and by the authority of the appellant company. Its
president was sometimes there. Its secretary and office
was there, and one or two of its directors resided there.
We think there was, if not a preponderance of evidence,
enough to justify the court below in finding that these ma-
terials were furnished and this labor performed at the re-
quest of the appellant. But the contention of the appellant
is that it is not liable for the labor done and material fur-
nished by the respondent, because it had a contract with
another party to have this work done and these materials
furnished, and pay for the same, and the contract was with
Bowers, a director, stockholder and secretary of appellant
company, and that the contract was between him and cer-
tain stockholders of the appellant company, and consented
to by it. If this was a private agreement between certain
stockholders of appellant as to who should pay for im-

provements made in its property, made in its name and for its benefit, it will not avail to defeat the claim of the respondent, unless notice of this agreement was given to the respondent before the material was furnished and labor done, that it would not be liable for these materials and labor, although done in its name. On this point the evidence is conflicting, and the court below found for the respondent, or it could not have given judgment in its favor. We think the evidence fully justifies his finding.

The errors assigned in reference to the admission of testimony are not available in a case in equity, for the chancellor is supposed to act only on proper evidence. There is no question of law involved—only questions of fact; and, if the proper evidence justifies the decree, the judgment ought to be affirmed, and we think it does. Decree affirmed.

ZANE, C. J., and HENDERSON, J., and ANDERSON, J., concurred.